UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

ANTHONY S. CUNNINGHAM,

        Plaintiff,

    -against-

NEW YORK CITY TRANSIT AUTHORITY,

        Defendant.

—————————————————————————x

```
┌──────────────────────────────┐
│ USDS SDNY                     │
│ DOCUMENT                      │
│ ELECTRONICALLY FILED          │
│ DOC #: _____           │
│ DATE FILED: _9/28/07_         │
└──────────────────────────────┘
```

06 Civ. 4083 (CM)(GWG)

MEMORANDUM DECISION AND ORDER ADOPTING
RECOMMENDATION AND DISMISSING COMPLAINT

McMahon, J.:

    The Court has received and reviewed the Report of The Hon. Gabriel W. Gorenstein, U.S.M.J., in which the Magistrate Judge recommends that the defendant's motion for summary judgment be granted and the complaint dismissed.

    I have also received and reviewed the objection filed by the plaintiff, who is proceeding pro se.

    I accept the Report and adopt it as my opinion, with the following addendum:

    In his objections, plaintiff points the court to numerous places in his deposition testimony that he believes contravene Judge Gorenstein's conclusions, or at least raise a genuine issue of material fact that would preclude summary judgment. The Court has read every page of plaintiff's deposition. I conclude that nothing therein raises any disputed issue of material fact that precludes granting the motion for summary judgment.

    As found by Judge Gorenstein, plaintiff's probationary period was terminated by defendant at the end of a ten day training period because he failed to pass a driving test on the seventh, ninth and tenth days of the training period. It is undisputed that plaintiff was tested by four different supervisors. The first test was administered by Michael Koff, the second by Thomas Moore, and the third by Leonard Ross and Emmet Thomas.

    Plaintiff believes that Michael Koff discriminated against him and others on the basis of his race. Judge Gorenstein's Report accurately describes plaintiff's testimony concerning Koff. I will assume, for purposes of this opinion only, that plaintiff's testimony about Koff's behavior

raises a genuine issue of fact concerning Koff's motivation for failing plaintiff. But Koff was only plaintiff's first tester. Plaintiff's testimony reveals no basis to conclude that Moore or Ross and Thomas engaged in any racially discriminatory behavior.

The only basis for plaintiff's claim that Moore discriminated against him on the basis of his race is that, on the morning of the eighth day, when Moore greeted his new students, he asked, "Who is that Cunningham messing with my man Koff?" (Pl. EBT at 60, 85.) From this, plaintiff would ask the trier of fact to conclude that Koff and Moore spoke about Cunningham and that Koff infected Moore with his racist attitudes. However, plaintiff has adduced no evidence about this alleged conversation; he testifies to no racially discriminatory behavior on the part of Moore;[1] and plaintiff admits that Moore gave a passing grade to another black student driver, Kenneth Bacchus, as well as to Michael Ly, an Asian-American (against whom, if one accepts plaintiff's testimony as true, Koff had also exhibited racially-tinged behavior).

But assuming arguendo that Moore's statement to plaintiff was enough to raise an inference that he had engaged in race discrimination, Moore's decision to fail plaintiff did not result in his discharge, either. Plaintiff had a third and final test the following day, with two new and different instructors; it was their decision that he had not passed the test that resulted in his discharge. There is not the slightest evidence of racism that can be charged to either of these gentlemen. Indeed, there is no evidence that either of them had any contact with Koff concerning plaintiff, or with Moore, either. Plaintiff admitted under oath that he could not prove that Ross or Thomas discriminated on the basis of race:

> Q:   Now, on day ten the two superintendents that were your
>       instructors, what did they do that resulted in you not being
>       employed?
>
> A.   They probably were in cahoots, same as Moore. Look, these
>       guys use a toilet together, probably use the same locker room.
>
> Q.   Do you know that?
>
> A.   No, I don't know for a fact. I know that they have radios. The
>       behavior and the patterns just doesn't add up, you know, just
>       didn't add up. (EBT at 87.)

This is not evidence; it is sheer speculation on plaintiff's part, and it does not suffice to raise a genuine issue of material fact as to whether their decision to fail plaintiff was racially motivated. Plaintiff's reasoning is no different from cases in which someone says, "I was fired; I am an

---

[1] There is not even any basis to infer that Moore behaved differently toward blacks and persons of other races. Plaintiff testified that Moore made HIM do twice as much as the other candidates, but the other candidates included other blacks – notably, Kenneth Bacchus. This might serve as a basis for charging Moore with retaliation (which, for reasons discussed below, is also not actionable), but not race discrimination.

African-American; therefore I must have been fired because I am an African-American." It is well-settled that such allegations do not get a plaintiff in a discrimination case to a jury. See Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001); Young v. Potter, 2006 U.S. Dist. LEXIS 50680, No. 05 Civ. 7521, at *11-12 (S.D.N.Y. June 29, 2006); White v. Fuji Photo Film USA, Inc., 434 F. Supp. 2d 144, 151 (S.D.N.Y. 2006); Simpri v. City of New York, 2003 U.S. Dist. LEXIS 23266, No. 00 Civ. 6712, at *11 (S.D.N.Y. Dec. 30, 2003).

Plaintiff complained that Ross and Thomas made him drive first, but admitted that this was not racist behavior – just "kind of unusual." (EBT at 88.) This does not raise a genuine issue of material fact on the issue of racial discrimination.

While I agree with the learned Magistrate Judge that plaintiff's failure to grieve the issue of retaliation at either the SDHR or the EEOC is fatal to his claim, I also note that, even if plaintiff were free to pursue that claim here, the defendant would be entitled to summary judgment. Assuming arguendo that Moore's decision to fail plaintiff at least raised a genuine issue of fact concerning a possible retaliatory motive, the fact remains that it was the decision of Ross and Thomas that doomed plaintiff's career as a NYCTA bus driver, not Moore's decision. There is not a scintilla of evidence that Ross or Thomas harbored any retaliatory motive when they concluded – after a two hour test – that plaintiff was not qualified to drive a city bus.

With this addendum, I adopt the Report as the Court's decision, accept the Magistrate Judge's recommendation that I grant defendant's motion for summary judgment, and dismiss the complaint. The Clerk of the Court is directed to enter judgment for defendant and close the file.

Dated: September 27, 2007

_____
U.S.D.J.

BY FIRST CLASS MAIL TO:

    Anthony Cunningham, Plaintiff Pro Se
    1315 Amsterdam Avenue, Apt. 14-A
    New York, NY 10027

    Baismusa Kamara, Esq.
    130 Livingston Street
    Room 1209
    Brooklyn, NY 11201

BY HAND TO MAGISTRATE JUDGE GORENSTEIN